IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MAURICE MAXWELL,

                Petitioner,                OPINION AND ORDER

v.

                                            17-cv-505-wmc

UNITED STATES OF AMERICA                11-cr-25-wmc

                Respondent.

Petitioner Maurice Maxwell, seeks post-conviction relief pursuant to 28 U.S.C. § 2255. He challenges a "career offender" sentencing enhancement he received under U.S.S.G. § 4B1.1, which applies under certain circumstances when a defendant has two prior felony convictions for either a "crime of violence" or a "controlled substance offense." He also appears to be asserting a claim related to sentence credit. This petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, the court must dismiss the petition if it plainly appears that petitioner is not entitled to relief. Otherwise, the court must order respondent to file an answer. Since it is plainly apparent that Maxwell is not entitled to relief under § 2255, his petition will be denied.

BACKGROUND

Maxwell was convicted of possession with intent to distribute five grams or more of a substance containing a cocaine base, in violation of 21 U.S.C. § 841(a)(1). At his 2012

1

sentencing, the court applied the Sentencing Guidelines' career offender enhancement, U.S.S.G. § 4B1.1, because Maxwell was over the age of eighteen when he committed the offense, a controlled substance offense, and he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. The court listed the predicate offenses: a Minnesota conviction for simple robbery; a Minnesota conviction for fleeing an officer; and a Wisconsin conviction for possession with intent to deliver cocaine. With that enhancement, Maxwell's guidelines range was between 262 and 327 months' imprisonment. The court imposed a sentence of 144 months, and reduced it to 125 months to account for the 19 months he had already served. After Maxwell successfully challenged his sentence twice on appeal, in 2014 the court resentenced him to 120 months' imprisonment, and then in 2015, the court resentenced him a second time, imposing a 120-month sentence, with credit for 19 months. Maxwell appealed that decision as well, but the Court of Appeals of the Seventh Circuit affirmed that sentence. *United States v. Maxwell*, 823 F.3d 1057 (7th Cir. 2016).

OPINION

While Maxwell's petition has not used the court's form, he cites to *United States v. Mathis*, 136 S. Ct. 2243 (2016), and so the court understands him to be challenging his career offender status under that decision. In *Mathis*, the Supreme Court held that a prior conviction counts as a predicate crime under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), only "if its elements are the same as, or narrower than, those of the generic

2

offense." *Id.* at 2248. While he does not argue this point explicitly, it appears that Maxwell believes that his predicate convictions do not qualify because the Minnesota simple robbery statute is broader than the definition of crime of violence under § 4B1.2(a).

Setting aside the government's objection to this petition as overly vague, the threshold problem with this petition is that this claim is foreclosed by circuit precedent. In *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013), the court of appeals reaffirmed its previous holding in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), that "an error in calculating a defendant's guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit"). The Seventh Circuit recently reaffirmed these holdings in *Hanson v. United States*, -- F.3d --, 2019 WL 5406665, at *3 (7th Cir. 2019), finding that *Hawkins* and *Coleman* foreclosed relief in a *Mathis* challenge brought under 28 U.S.C. § 2255, since the sentence was imposed based on advisory Guidelines, not mandatory Guidelines or statutory minimums.

In this case, petitioner is challenging the sentencing court's application of the sentencing guidelines, but he was initially sentenced in 2014, well after the Supreme Court held that the guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005). Thus, *Hawkins* applies and petitioner cannot rely on *Mathis* or any other change in the law to challenge his status as a career offender in a post conviction proceeding.

3

Even if *Hawkins* does not preclude Maxwell from pursuing post-conviction relief for his career offender status, his claim lacks merit. For one, Maxwell has already unsuccessfully argued this point with the Seventh Circuit during his direct appeal. *United States v. Maxwell*, 823 F.3d 1057, 1060-61 (7th Cir. 2016) ("Maxwell's argument that the Minnesota statute is broader than § 4B1.2(a)(1) fails."). Further, the Seventh Circuit subsequently reaffirmed that conclusion in the context of the ACCA and *Mathis*. *United States v. Jennings*, 860 F.3d 450, 454 (7th Cir. 2017) ("In short, in order to commit simple robbery in Minnesota, one must intentionally inflict, or attempt to inflict, physical pain or injury upon another or must act in such a way to place a person in fear or physical injury, pain, or death."). Accordingly, Maxwell has not established that his career offender designation was an error.

Finally, Maxwell's one-off statements about completion of the Residential Drug Abuse Treatment Program and sentence credit are vague and undeveloped, but it appears that he believes that he may be entitled to less confinement time. However, challenges to the execution of a sentence are not cognizable under § 2255, and instead prisoners challenging the execution of their sentences must do so under the general habeas statute, 28 U.S.C. § 2241. *See* § 2255(a); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (§ 2241 is "usually reserved for attacking the execution, not the [imposition] of a sentence").

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2255 as well), the court must issue or deny a certificate of appealability

4

when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Given the Seventh Circuit's recent decision in *Hanson* and the *Maxwell* and *Jennings* decisions, the court concludes that reasonable jurists would not debate whether this petition should be dismissed. Therefore, the court will not issue a certificate of appealability.

ORDER

IT IS ORDERED that:

(1) Petitioner Maurice Maxwell's application under 28 U.S.C. § 2255 is DENIED.

(2) A certificate of appealability will not issue.

Entered this 1st day of November, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge